**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

NOTE: CHANGES MADE BY THE COURT

CENTRE ONE,

    Plaintiff,

        vs.

COX COMMUNICATIONS, INC.,

    Defendant.

CASE NO. 8:19-cv-01832-CJC-KES

**STIPULATED PROTECTIVE ORDER**

**JURY TRIAL DEMANDED**

    In order to expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality of discovery materials, adequately protect information the Parties are entitled to keep confidential, ensure that only materials the Parties are entitled to keep confidential are subject to such treatment, and ensure that the Parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED THAT:

**I.     INFORMATION SUBJECT TO THIS ORDER**

    A.     Discovery materials produced in this case may be labeled as one of three categories:  CONFIDENTIAL, CONFIDENTIAL OUTSIDE COUNSEL ONLY, or RESTRICTED CONFIDENTIAL – SOURCE CODE as set forth in Items A through C below.   All three of the identified categories of information shall be identified collectively in this Order by the title "Protected Information."   This Order shall encompass not only Protected Information, but also (1) any information copied or extracted from Protected Information; (2) all copies, excerpts, summaries, or compilations of Protected Information; (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal Protected Information; and (4) briefs, memoranda or other writings filed with the Court and exhibits thereto that contain or reflect the content of any such Protected Information.

B.   To the extent that Defendant in this litigation provides Protected Information under the terms of this Protective Order to Plaintiff, Plaintiff shall not share that material with any other parties that may be joined in this litigation or a related litigation, absent express written permission from Defendant.  This Order does not confer any right to any party that may be joined in this litigation or a related litigation to access the Protected Information of Defendant.

C.   The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

D.   Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Information in court or in any court filing with the consent of the Producing Party or by order of the Court.

E.   This Order is without prejudice to the right of any Producing Party to seek further or additional protection of any Protected Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

F.   **Information Designated as "CONFIDENTIAL INFORMATION"**

1.   For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all information or material produced for or disclosed in connection with this action to a Receiving Party that a Producing Party, including any Party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order in connection with this action, considers in good faith to contain confidential, commercially sensitive, and/or proprietary information not otherwise known or available to the public and/or to which the Producing Party

reasonably believes it owes an obligation of confidentiality to a Third Party. Any CONFIDENTIAL INFORMATION obtained by any Party from any person pursuant to discovery in this litigation may be used only for purposes of this litigation.

2.     Any document or tangible thing containing or including any CONFIDENTIAL INFORMATION may be designated as such by the Producing Party by marking it "CONFIDENTIAL," "CONFIDENTIAL OUTSIDE COUNSEL ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" prior to or at the time copies are furnished to the Receiving Party.

3.     Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 1(A)(1) may be so designated by placing the appropriate designation on every page of the written material prior to production. For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained. In the event that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL OUTSIDE COUNSEL ONLY" (unless otherwise designated at the time of inspection) during the inspection and re-designated, as appropriate during the copying process.

4.     All CONFIDENTIAL INFORMATION not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in paragraph 2 shall be designated by the Producing Party by informing the Receiving Party of the designation in writing.

5.     Any documents (including physical objects) made available for inspection by counsel for the Receiving Party prior to producing copies of selected items shall initially be considered, as a whole, designated CONFIDENTIAL OUTSIDE COUNSEL ONLY (unless otherwise designated at the time of inspection) and shall be subject to this Order. Thereafter, the Producing Party shall have a reasonable time to

review and designate the appropriate documents as CONFIDENTIAL INFORMATION (or otherwise as appropriate) prior to furnishing copies to the Receiving Party.

6. The following are examples of information that is not CONFIDENTIAL INFORMATION:

7. Any information that is or, after its disclosure to a Receiving Party, becomes part of the public domain as a result of publication not involving a violation of this Order or other obligation to maintain the confidentiality of such information;

a. Any information that the Receiving Party can show was already publicly known prior to the disclosure;

b. Any information that the Receiving Party can show by written records was received by it from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party;

c. Any information which the Receiving Party can show was independently developed by it after the time of disclosure by personnel who did not have access to the Producing Party's CONFIDENTIAL INFORMATION;

d. Any advertising materials that have been actually published or publicly disseminated; and

e. Any materials that have been disseminated to the public.

8. Documents designated CONFIDENTIAL and information contained therein shall be available only to:

a. Outside litigation counsel of record for the Receiving Party and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters to whom it is reasonably necessary to disclose the information for this litigation;

b. Technical advisers and their necessary support personnel, subject to the provisions of paragraphs II.A-II.F herein, and who have signed and

provided the form attached hereto as Exhibit A; the term "technical adviser" shall mean independent outside expert witnesses or consultants (i.e., not employees of a Party or of a competitor of a Party, and who at the time of retention are not anticipated to become employees of a Party or a competitor of a Party) with whom counsel may deem it necessary to consult and who comply with Section II;

a. Up to three (3) in-house counsel or designated employees or officers of a Party or a Party's parent company to whom disclosure is reasonably necessary for purposes of this litigation, and who have signed the form attached hereto as Exhibit A;

c. The Court, its personnel and stenographic reporters (with an application to file under seal or with other suitable precautions determined by the Court);

d. Independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; non–technical jury or trial consulting services not including mock jurors; persons or entities that provide litigation support services such as photocopying, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium; provided that all such outside vendors agree to maintain the confidentiality of documents pursuant to this Protective Order;

e. Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

f. An author, signatory, or prior recipient of the document or the original source of the CONFIDENTIAL information. Such person shall be given access only to the specific document or information therein.

G. **Information Designated "CONFIDENTIAL OUTSIDE COUNSEL ONLY"**

1.    The CONFIDENTIAL OUTSIDE COUNSEL ONLY designation is reserved for CONFIDENTIAL INFORMATION that constitutes or contains (a) commercially sensitive marketing, financial, sales, web traffic, research and development, or technical data or information; (b) commercially sensitive competitive information, including, without limitation, information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"); (c) information or data relating to future products not yet commercially released and/or strategic plans; (d) commercial agreements, settlement agreements or settlement communications, the disclosure of which is likely to cause  harm to the competitive position of the Producing Party; (e) trade secrets, pricing information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, customer lists, and other non-public information of similar competitive and business sensitivity, and (f) information that is likely to cause economic harm or significant competitive disadvantage to the Producing Party if disclosed. Documents marked CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL shall be treated as if designated CONFIDENTIAL OUTSIDE COUNSEL ONLY. In determining whether information should be designated as CONFIDENTIAL OUTSIDE COUNSEL ONLY, each Party agrees to use such designation only in good faith.

2.    Documents designated CONFIDENTIAL OUTSIDE COUNSEL ONLY and information contained therein shall be available only to the persons or entities listed in paragraphs I.F.7.a, b, and d-g subject to any terms set forth or incorporated therein and not any person or entity listed in paragraph I.F.7.c.

3.    Notwithstanding any contrary provisions of Paragraphs I.F and I.G, those persons identified in paragraph I.F.7.c shall be allowed access to the scope and

settlement amount of any license agreement or settlement agreement regarding the asserted patents in this litigation solely for the purpose of facilitating settlement negotiations in this action.

H.   **Information Designated "RESTRICTED CONFIDENTIAL – SOURCE CODE"**

1.   The RESTRICTED CONFIDENTIAL – SOURCE CODE designation is reserved for CONFIDENTIAL INFORMATION that contains or substantively relates to a Party's "Source Code," which shall mean documents containing or substantively relating to confidential, proprietary and/or trade secret source code or technical design documentation, including computer code, scripts, assembly, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip.  The following conditions shall govern the production, review and use of source code or design documentation information.

2.   All such Source Code, and any other Protected Information designated as "RESTRICTED CONFIDENTIAL – SOURCE CODE," shall be subject to the following provisions:

a.   Source Code, to the extent any Producing Party agrees to provide any such information, shall ONLY be made available for inspection, not produced except as provided for below.  The Source Code shall be made available in electronic format at one of the following locations chosen at the sole discretion of the Producing Party: (1) the offices of the Producing Party's primary outside counsel of record in this action; (2) a single, third-party site located within any judicial district in which the Source Code is stored in the ordinary course of business (e.g., an escrow company); or (3) a location mutually agreed upon by the Receiving and Producing Parties. Any location under (1), (2) or (3) above shall be in the continental United States. The Source Code shall also be made available in computer searchable format to

the extent it is maintained in such format in the ordinary course of business. Computer searchable format means electronic files containing native text not produced through any process involving optical character recognition. There shall be no obligation to convert a document that is maintained in a non-computer searchable format into a computer searchable format. Source Code will be loaded on a single, standalone, non-networked personal computer that is password protected, maintained in a secure, locked area ("Source Code Review Room"), and disabled from having external storage devices attached to it ("Source Code Computer"). Use or possession of any input/output device or other electronic device (e.g., USB memory stick, cameras or any camera-enabled device, CDs, floppy disk, portable hard drive, laptop, cellular telephones, PDA, smartphones, voice recorders, etc.) that is not supplied by the Producing Party is prohibited while in the Source Code Review Room containing the Source Code Computer. All persons entering the Source Code Review Room must agree to submit to reasonable security measures to insure they are not carrying any prohibited items before they will be given access to the Source Code Review Room. The Source Code Computer will be made available for inspection until the close of discovery in this action between the hours of normal business hours, which for the purposes of this paragraph shall be 9 a.m. and 5 p.m. local time on business days (i.e., weekdays that are not Federal holidays), upon reasonable written notice to the Producing Party, which shall not be less than five (5) business days in advance of the requested inspection. However, upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the Source Code Computer outside of normal business hours, subject to the Receiving Party's agreement to pay the reasonable costs of accommodating such request.

          b.     The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are generally commercially available. The Receiving Party's outside counsel

8

and/or experts may request that commercially available software tools for viewing and searching Source Code be installed on the Source Code Computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein. The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) or a link for downloading such software tool(s) at least five (5) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer. The Receiving Party shall certify that such software tool(s) have all necessary licenses, contain no malicious code, and do not require a persistent network connection.

c.　The Receiving Party's outside counsel and/or expert shall be entitled to take notes (electric or non-electric) relating to the Source Code but may not copy any portion of the Source Code into the notes. To the extent the Receiving Party desires to take notes electronically, the Producing Party shall provide a note-taking computer (e.g., a computer, which is distinct from the Source Code Computer, that is not linked to any network, including a local area network ("LAN"), an intranet or the Internet, and has image making functionality of any type disabled, including but not limited to camera or video functionality) ("note-taking computer") with a current, widely used word processing program in the Source Code Review Room for the Receiving Party's use in taking such notes. The "note-taking computer" shall be used for the sole purpose of note-taking and shall be retained by the Producing Party. Such notes shall be downloaded to a removable disk or drive for the Receiving Party to retain, and the computer shall be cleared of such notes. The laptop computer shall have no features which would hinder the complete clearing of the Receiving Party's notes after such notes have been downloaded. Any such notes shall not include copies or reproductions of portions of the source code; however, the notes may contain

filenames, directory names, module names, class names, parameter names, variable names, function names, method names, or procedure names. Any notes relating to the Source Code will be treated as "RESTRICTED CONFIDENTIAL – SOURCE CODE." No copies of all or any portion of the Source Code may leave the Source Code Review Room except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein. The Producing Party may visually monitor the activities of the Receiving Party's representative(s) during any Source Code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code.

d.      No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code, except as the Receiving Party may request a reasonable number of pages of Source Code to be printed on watermarked or colored pre-bates numbered paper, which shall be provided by the Producing Party. The Receiving Party may not request paper copies for the purposes of reviewing the Source Code other than electronically as set forth in paragraph (a) in the first instance. In no event may the Receiving Party print any continuous block of more than 25 printed pages, or an aggregate total of more than 500 pages of Source Code during the duration of the case that they in good faith consider to be necessary to proving elements of their case, without prior written approval by the Producing Party. Within 5 business days or such additional time as necessary due to volume requested, the Producing Party will provide a copy of the requested material on watermarked or colored paper bearing Bates numbers and the legend "RESTRICTED CONFIDENTIAL – SOURCE CODE" unless objected to as discussed below. The printed pages shall constitute part of the Source Code produced by the Producing Party in this action. At the Receiving Parties' request, up to two additional sets (or subsets) of printed Source Code may be requested and provided by the Producing Party in a timely fashion.

e. If the Producing Party objects that the printed portions are not reasonably necessary to any case preparation activity, the Producing Party shall make such objection known to the Receiving Party within five (5) business. If after meeting and conferring the Producing Party and the Receiving Party cannot resolve the objection (where such meet-and-confer need not take place in person), the Receiving Party may seek a Court resolution of whether the printed Source Code in question is reasonably necessary to any case preparation activity. Contested Source Code print outs need not be produced to the requesting party until the matter is resolved by the Court.

f. The Receiving Party shall not create any electronic or other images of any printed pages of Source Code or any other documents or things reflecting Source Code that have been designated by the Producing Party as "RESTRICTED CONFIDENTIAL – SOURCE CODE." The Receiving Party shall only make additional paper copies of selected excerpts of Source Code if such additional copies are necessary for any filing with the Court, the service of any pleading or other paper on any Party, testifying expert reports, consulting expert written analyses, deposition exhibits as discussed below, or any draft of these documents ("SOURCE CODE DOCUMENTS"). The Receiving Party shall only make additional copies of such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other individual.

g. Any paper copies designated "RESTRICTED CONFIDENTIAL – SOURCE CODE" shall be stored or viewed only at (i) the offices of outside counsel for the Receiving Party, (ii) the offices of outside experts or consultants who have been approved to access Source Code; (iii) the site where any deposition is taken (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition. Any such paper copies shall

be maintained in a secure location under the control of counsel responsible for maintaining the security and confidentiality of the designated materials and in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or locked storage container when not in use.

h.      A list of names of persons who will view the Source Code will be provided to the Producing Party in conjunction with any written (including email) notice requesting inspection. The Receiving Party shall maintain a daily log of the names of persons who enter the locked room to view the Source Code and when they enter and depart. The Producing Party shall be entitled to have a person observe all entrances and exits from the Source Code viewing room, and to a copy of the log upon request.

i.      Unless otherwise agreed in advance by the Parties in writing, following each inspection, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information. The Producing Party shall not be responsible for any items left in the room following each inspection session.

j.      The Receiving Party will not copy, remove, or otherwise transfer any portion of the Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring any portion of the Source Code onto any other computers or peripheral equipment.  The Receiving Party will not transmit any portion of the Source Code in any way from the location of the Source Code inspection.

k.      No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code reviewing room.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to

ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way.

l.      Only the following individuals shall have access to "RESTRICTED CONFIDENTIAL – SOURCE CODE" materials, absent the express written consent of the Producing Party or further court order:

(1)      Outside counsel of record for the Parties to this action, including any attorneys, paralegals, technology specialists and clerical employees of their respective law firms;

(2)      Up to three (3) outside experts or consultants per Party, pre-approved in accordance with Section II of this Order and specifically identified as eligible to access Source Code;

(3)      The Court, its technical advisor (if one is appointed), the jury, court personnel, and court reporters or videographers recording testimony or other proceedings in this action.

(4)      Court reporters and/or videographers shall not retain or be given copies of any portions of the Source Code. If the Receiving Party wishes that additional copies of any printed Source Code to be used at a deposition, the Receiving Party shall notify the Producing Party about the specific portions of Source Code it wishes to use at the deposition at least five (5) days before the date of the deposition, and the Producing Party shall bring printed copies of those portions to the deposition for use by the Receiving Party subject to the Receiving Party's agreement to pay the reasonable costs of such request. Such additional copies shall be destroyed at the end of such deposition. Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(5)      While testifying at deposition or trial in this action only: (i) any current or former officer, director or employee of the Producing Party or

original source of the information; (ii) any person designated by the Producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and/or (iii) any person who authored, previously received (other than in connection with this litigation), or was directly involved in creating, modifying, or editing the Source Code, as evident from its face or reasonably certain in view of other testimony or evidence. Persons authorized to view Source Code pursuant to this sub-paragraph shall not retain or be given copies of the Source Code except while so testifying.

(6) The Receiving Party's outside counsel shall maintain a log of all copies of the Source Code (received from a Producing Party or created by the Receiving Party pursuant to paragraph 1(C)(f) above) that are delivered by the Receiving Party to any qualified person under Paragraph 1(C)(l) above. The log shall include the names of the recipients and reviewers of copies, the dates when such copies were provided, and the locations where the copies are stored. Upon request by the Producing Party, the Receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the Receiving Party and/or qualified person that receives a copy of any portion of the Source Code. Within thirty (30) days after the issuance of a final non-appealable decision resolving all issues in the case, the Receiving Party must serve upon the Producing Party the log and serve upon the Producing Party all paper copies of the Producing Party's Source Code as well as documents, pleadings, reports, and notes reflecting or referring to such Source Code. In addition, all persons to whom the paper copies of the Source Code were provided must certify in writing that all copies of the Source Code were returned to the counsel who provided them the information and that they will make no use of the Source Code or of any knowledge gained from the Source Code in any future endeavor.

(7) To the extent portions of Source Code are quoted in a SOURCE CODE DOCUMENT, either (1) the entire document will be stamped and treated as RESTRICTED CONFIDENTIAL – SOURCE CODE or (2) those pages

containing quoted Source Code will be separately bound, and stamped and treated as RESTRICTED CONFIDENTIAL – SOURCE CODE.

(8)    All copies of any portion of the Source Code shall be returned to the Producing Party if they are no longer in use. Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(9)    The Receiving Party's outside counsel may only disclose a copy of the Source Code to individuals specified in Paragraph l above (e.g., Source Code may not be disclosed to in-house counsel). In no case shall any information designated as RESTRICTED CONFIDENTIAL – SOURCE CODE by a Defendant be provided to any other Defendant or Defendant's counsel by any Party or counsel absent explicit agreement from the Party designating the information.

(10)    Any technical advisor retained on behalf of a Receiving Party who is to be given access to a Producing Party's produced Source Code (whether in electronic form or otherwise) must agree in writing not to perform software development work directly or indirectly intended for commercial purposes to the functionality covered by the Source Code reviewed by such expert or consultant for a period of one year after the issuance of a final, non-appealable decision resolving all issues in the case, unless such functionality is already publicly known, is already known to such technical advisor, or such technical advisor has already written such software. In such a case, such technical advisor will advise the Producing Party within 30 days of reviewing such Source Code or as soon as reasonably practicable after recognition that such functionality might be implicated in such software development work. This shall not preclude such experts or consultants from consulting in future litigation, so long as such consulting does not involve software development work directly or indirectly intended for commercial purposes relating to any functionality covered by the Source Code reviewed by such expert or consultant.

m.     Access to and review of the Source Code shall be strictly for the purpose of investigating the claims and defenses at issue in the above-captioned case.  No person shall review or analyze any Source Code for purposes unrelated to this case, nor may any person use any knowledge gained as a result of reviewing Source Code in this case in any other pending or future dispute, proceeding, or litigation.

**I.     PROSECUTION BAR**

1.     Absent the written consent of the Producing Party, no person on behalf of Plaintiff, including without limitation any technical advisor of Plaintiff, who reviews Defendant's Protected Information of a technical nature that is designated RESTRICTED CONFIDENTIAL - SOURCE CODE or CONFIDENTIAL OUTSIDE COUNSEL ONLY, shall, for a period commencing upon receipt of such information and ending one year following the conclusion of this case (including any appeals), engage in any Prosecution Activity (as defined below) on behalf of any Party other than the Producing Party or engage in any Prosecution Activity involving claims on a method, apparatus, or system involving the functionality, operation, and/or design of technology for interfacing a public switched telephone network (PSTN) and an Internet Protocol (IP network), including the conversion of voice signals to digital data and routing of a call, unless such functionality is already publicly known, is already known to such person, or such person has already developed an invention for which patent protection is being or will be sought. In such a case, the person will advise the Producing Party within 30 days of reviewing such Protected Information or at least 30 days prior to initiating such Prosecution Activity to the extent reasonably practicable.

2.     For clarity and the avoidance of doubt, in-house or outside counsel of Defendant in this action are not subject to this Prosecution Bar even if they have received any other Party's non-technical CONFIDENTIAL information or non-technical CONFIDENTIAL OUTSIDE COUNSEL ONLY information other than through a violation of this Order.

3. Prosecution Activity shall mean any activity related to the preparation or prosecution of patent applications relating to a method, apparatus, or system for involving the functionality, operation, and/or design of technology for interfacing a public switched telephone network (PSTN) and an Internet Protocol (IP network), including the conversion of voice signals to digital data and routing of a call, or advising or counseling clients regarding the same, including but not limited to providing any advice, counseling, preparing, prosecuting, editing, amending and/or drafting of claims, or communication with a domestic or foreign patent office for purpose of allowance of any claims, for any patent application, reexamination or reissue application before any domestic or foreign patent office. Nothing in this paragraph shall prevent any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor. Nothing in this provision shall prohibit any attorney of record in this litigation from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this litigation with his/her client. Nothing in this provision shall apply to any post-grant proceeding, except that such prosecution bar shall extend to assistance or participation in discussions relating to drafting or amending claims in any post grant proceeding.

## II.     DISCLOSURE OF TECHNICAL ADVISERS

A. Information designated by the Producing Party under any category of Protected Information and such copies of this information as are reasonably necessary for maintaining, defending or evaluating this litigation may be furnished and disclosed to the Receiving Party's technical advisers and their necessary support personnel.

B. No disclosure of Protected Information to a technical adviser or their necessary support personnel shall occur until that person has signed the form attached hereto as Exhibit A, and a signed copy has been provided to the Producing Party; and

to the extent there has been an objection under paragraph II.C., that objection is resolved according to the procedures set forth below. No disclosure of Protected Information may be provided to an expert or consultant that is involved in competitive decision-making, as defined by *U.S. Steel v. United States,* 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party;

C.     A Party desiring to disclose Protected Information to a technical adviser shall also give prior written notice of the intended disclosure by email to all counsel of record in the litigation, and the Producing Party shall have five (5) business days after such notice is given to object in writing to the disclosure.  The Party desiring to disclose Protected Information to a technical adviser must provide the following information for each technical adviser: name, address, curriculum vitae, current employer, title, job responsibilities, employment history for the past three years including the name of each entity for whom the adviser has worked during that time, any past or present affiliation, whether on an employment or consulting basis, with the Receiving Party, a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding five years, and an identification of any patents or patent applications in which the technical adviser is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest. No Protected Information shall be disclosed to such expert(s) or consultant(s) until after the expiration of the foregoing notice period and resolution of any objection.

D.     A Producing Party objecting to disclosure of Protected Information to a technical adviser shall, within seven (7) business days of receiving notice of the intended disclosure, state with particularity the ground(s) of the objection.  The Producing Party's consent to the disclosure of Protected Information to a technical adviser shall not be unreasonably withheld, and its objection must be based on a good faith belief that disclosure of the Protected Information will result in specific business or economic harm to that Party.  Any purported harm must be identified in writing by the Producing Party when making the objection to disclosure.  If no written objection

is made within the (7) business day period, or upon earlier written consent by the Producing Party to the disclosure, the Protected Information may be disclosed to the technical adviser.

E.    If after consideration of the objection, the Party desiring to disclose the Protected Information to a technical adviser refuses to withdraw the technical adviser, that Party shall provide notice to the objecting Party and the Parties shall in good faith attempt to resolve the objection informally. Thereafter, if the informal efforts do not resolve the dispute within five business days of receiving such notice, the Party objecting to disclosure of Protected Information may file a motion requesting that the technical advisor not be allowed to view the Protected Information after that seven (7) business day period has passed. A failure to file a motion within the seven (7) business day period, absent an agreement of the Parties to the contrary or for an extension of such seven (7) business day period, shall operate to allow disclosure of the Protected Information to the technical adviser objected to. The Parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

**III.    CHALLENGES TO CONFIDENTIALITY DESIGNATIONS**

A.    The Parties shall use reasonable care when designating documents or information as Protected Information.  Nothing in this Order shall prevent a Receiving Party from contending that any documents or information designated as Protected Information have been improperly designated.  A Receiving Party may at any time request that the Producing Party cancel or modify the Protected Information designation with respect to any document or information contained therein.

B.    A Receiving Party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall particularly identify the documents or information that the Receiving Party contends

should be differently designated. The Parties shall use their best efforts to resolve promptly and informally such disputes. If an agreement cannot be reached within five (5) business days after receipt of the Receiving Party's written challenge, the Receiving Party shall request that the Court cancel or modify a designation. The burden of demonstrating the confidential nature of any information shall at all times be and remain on the Producing Party.

C.     Until a determination by the Court, the information in issue shall be treated as having been properly designated and subject to the terms of this Order.

## IV.     LIMITATIONS ON THE USE OF PROTECTED INFORMATION

A.     All Protected Information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose or in connection with any other proceeding, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, opposition proceeding, or any business or competitive purpose or function, and shall not be distributed, disclosed or made available to any person who is not entitled to receive such information as herein provided. All produced Protected Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

B.     Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Information of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

1.     A present director, officer, and/or employee of a Producing Party may be examined and may testify concerning all Protected Information which has been produced by that Party and of which the witness has personal knowledge;

2.     A former director, officer, agent and/or employee of a Producing Party may be interviewed, examined and may testify concerning all Protected Information of which he or she has personal knowledge, including any Protected

Information that refers to matters of which the witness has personal knowledge, which has been produced by that Party and which pertains to the period or periods of his or her employment; and

        3.      Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Information under this Order shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney must provide a signed statement, in the form of Exhibit A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Information disclosed during the course of the examination. In the event that such attorney declines to sign such a statement prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Information.

        4.      All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court, which have been designated as Protected Information, or which contain information so designated, shall be filed under seal in a manner prescribed by the Court for such filings.

        5.      Outside attorneys of record for the Parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved. No material or copies thereof so filed shall be released except by order of the Court, to outside counsel of record, or as otherwise provided for hereunder. Notwithstanding the foregoing and with regard to material designated as RESTRICTED

CONFIDENTIAL – SOURCE CODE, the provisions of Paragraph I.C. are controlling to the extent those provisions differ from this paragraph.

6. Protected Information shall not be copied or otherwise produced by a Receiving Party, except for transmission to qualified recipients, without the written permission of the Producing Party, or, in the alternative, by further order of the Court. Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information for use in connection with this litigation and such working copies, abstracts, digests and analyses shall be deemed Protected Information under the terms of this Order. Further, nothing herein shall restrict a qualified recipient from converting or translating CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that Protected Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

7. Any deposition transcript, in whole or in part, may be designated CONFIDENTIAL, CONFIDENTIAL OUTSIDE COUNSEL ONLY, or RESTRICTED CONFIDENTIAL – SOURCE CODE by an appropriate statement at the time such testimony is given or thereafter by notifying the other Parties in writing of the portions of such testimony to be so designated within thirty (30) days from receipt of the final certified transcript. Upon such request, the reporter shall mark on the title page the original and all copies of the transcript as designated. Deposition transcripts, in their entirety, shall be treated by default as CONFIDENTIAL OUTSIDE COUNSEL ONLY until the expiration of the time to make a confidentiality designation. Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the

transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential.

8.    Any Protected Information that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Information.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the Parties."

9.    Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Information based on the designation of such Protected Information.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Information.

C.    No Party may remove, or cause to be removed, Protected Information produced by another Party from the territorial boundaries of the United States of America.  Without limitation, this prohibition extends to Protected Information (including copies) in physical and electronic form.  The viewing of Protected Information through electronic means outside the territorial limits of the United States of America is similarly prohibited.  Notwithstanding this prohibition, Protected Information, exclusive of material designated RESTRICTED CONFIDENTIAL – SOURCE CODE, and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition in

23

this litigation taken in a foreign country. The restrictions contained within this paragraph may be amended through the consent of the producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

D.     Nothing in this Order shall restrict in any way the use or disclosure of Protected Information by a Receiving Party: (i) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (ii) with the consent of the Producing Party; or (iii) pursuant to order of the Court.

E.     The Parties agree to meet and confer prior to the pretrial conference to negotiate a proposal for treatment of Protected Information at trial to be submitted for approval by the Court. ~~A Party shall provide a minimum of two business days' notice to the Producing Party in the event that a Party intends to use any Protected Information during trial. In addition, the Parties will not oppose any request by the Producing Party that the courtroom should be sealed, if allowed by the Court, during the presentation of any testimony relating to or involving the use of any Protected Information.~~ This order does not govern trial proceedings.

## V.     NON-PARTY USE OF THIS PROTECTIVE ORDER

A.     A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Protective Order.

B.     A nonparty's use of this Protective Order to protect its Protected Information does not entitle that nonparty access to the Protected Information produced by any Party in this case.

## VI.     NO WAIVER OF PRIVILEGE

A.     Nothing in this Protective Order shall require disclosure of information that a Party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity. If information

subject to a claim of attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced or made available for inspection, such disclosure shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity, or other ground for withholding production to which the Producing Party would otherwise be entitled to assert.  Any Party that inadvertently produces or makes available for inspection materials protected by the attorney-client privilege, work product privilege, or other privilege, doctrine, right, or immunity may obtain the return of those materials by promptly notifying the recipient(s).  The Producing Party shall provide a privilege log for any relevant inadvertently produced materials as soon as reasonably possible after requesting their return.  The recipient(s) shall gather and return all copies of the privileged material to the Producing Party no later than five (5) business days after receiving a request for their return, except for any pages containing privileged markings by the recipient, which pages shall instead be destroyed and certified as such by the recipient to the Producing Party.  The recipient shall also destroy and certify such destruction within five (5) business days after receiving a request for return of inadvertently produced materials all documents or parts thereof summarizing or otherwise disclosing the content of the inadvertently produced material and shall not use such material for any purpose.  Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business.

B.      If the Receiving Party contests the privilege or work product designation by the Producing Party, the Receiving Party shall give the Producing Party written notice of the reason for the disagreement.  The Receiving Party shall seek an Order from the Court compelling the production of the material. If no such Order is sought within thirty (30) days, then all copies of the disputed document shall be returned in accordance with paragraph 7. Absent a Court Order to the contrary, the Parties hereby

agree and stipulate that any privilege or immunity that was originally present will remain intact once any such document is returned or confirmed as destroyed by the recipient.

**VII.   NO WAIVER OF PROTECTION**

A.     Inadvertent or unintentional production of documents or things containing Protected Information which are not designated as one or more of the three categories of Protected Information at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  With respect to documents, the Producing Party shall notify all Receiving Parties that such documents are protected under one of the categories of this Order within five (5) business days of the Producing Party learning of the inadvertent failure to designate.   The Producing Party shall thereafter reproduce the Protected Information with the correct confidentiality designation within five (5) business days of notification.  Within three (3) business days of receiving the correctly designated Protected Information, the Receiving Parties shall either cause to be returned or shall certify the destruction of the improperly designated Protected Material(s).

B.     In the event of any disclosure of Protected Information other than in a manner authorized by this Protective Order, including any unintentional or inadvertent disclosure, the Receiving Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The Receiving Party shall make every effort to prevent further unauthorized disclosure, including retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Information in any form.  Compliance with the foregoing shall not prevent the Producing Party from seeking further relief from the Court.  Unauthorized or inadvertent disclosure does not change the status of Protected

Information or waive the right to hold the disclosed document or information as Protected Information.

      C.    A Receiving Party shall not be in breach of this Order for any use of such Protected Information before the Receiving Party receives the Protected Information with the correct confidentiality designation, unless an objectively reasonable person would have realized that the Protected Information should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Information with the correct confidentiality designation, the Receiving Party shall treat such Protected Information at the appropriately designated level pursuant to the terms of this Order. Notwithstanding the above, a subsequent designation of Protected Information shall apply on a going forward basis only and shall not disqualify anyone who reviewed Protected Information while the materials were not appropriately marked from engaging in any activities otherwise permitted by this Order.

## VIII. MISCELLANEOUS PROVISIONS

      A.    The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

      B.    Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by the lead attorney for the Party against whom such waiver will be effective.

      C.    The provisions of this Order shall continue to be binding after final termination of this case until a Producing Party agrees otherwise in writing or a court order otherwise directs. Except as otherwise herein, within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all Parties in this action, each Party (including technical advisors who received Protected Information) shall, at the option of the Producing Party, either return or destroy all physical objects and documents which embody

Protected Information it has received, and shall destroy in whatever form stored or reproduced, all physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to any category of Protected Information. All Protected Information not embodied in physical objects and documents shall remain subject to this Order. In the event that a Party is dismissed before the entry of a final non-appealable judgment or order, this same procedure shall apply to any Protected Information received from or produced to the dismissed Party. Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business. Notwithstanding the foregoing, outside counsel shall be entitled to maintain two (2) copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information for archival purposes only. Any such archived copies that contain or constitute Protected Information remain subject to this Order and shall be maintained in confidence by outside counsel for the Party retaining the materials. All Parties that have received any such Protected Information shall certify in writing that all such materials have been returned to the respective outside counsel of the producing Party or destroyed.

D.     If at any time Protected Information in any form is subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the person or entity to whom the subpoena or other request is directed shall immediately (a) notify in writing the person or entity who caused the subpoena or other request to issue that some or all of the material covered by the subpoena or request is subject to a Protective Order and include a copy of this Order with such notice, (b) give

written notice thereof to every Party or nonparty, and their counsel, who has produced such documents and include a copy of the subpoena or request with such notice, and (c) provide each such Producing Party or nonparty with an opportunity to object to the production of such documents. The person or entity to whom the subpoena or other request is directed shall not take any position concerning the propriety of such request or subpoena or the discoverability of the information sought thereby that is adverse to any Producing Party or producing nonparty opposing the request for production of such documents or materials. If a Producing Party or nonparty does not take steps to prevent disclosure of such documents within ten business days of the date written notice is given, the Party to whom the referenced subpoena is directed may produce such documents in response thereto, but shall take all reasonable measures to have such documents treated in accordance with terms of this Protective Order.

E. Testifying experts shall not be subject to discovery of any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery. In addition, all communications between counsel for a Party and that Party's testifying expert(s) related to the content of expert reports are exempt from discovery, provided that this limitation on discovery does not permit a Party to withhold any material relied upon by testifying experts solely on the ground that such material was provided to the expert by counsel. All materials generated by a testifying expert with respect to that person's work are also exempt from discovery unless they identify facts, data or assumptions relied upon by the expert in forming any opinions in this litigation and such information is not already disclosed in the expert's report.

F. No Party shall be required to identify on their respective privilege log any document or communication related to this litigation dated on or after the filing of this lawsuit, which absent this provision, the Party would have been obligated to so identify on said privilege log. The Parties shall exchange their respective privilege document logs at a time to be agreed upon by the Parties following the production of documents.

G.     Nothing in this Order shall limit any Producing Party's use of its own documents or shall prevent any Producing Party from disclosing its own Protected Information to any person. Such disclosures shall not affect any CONFIDENTIAL, CONFIDENTIAL OUTSIDE COUNSEL ONLY, or RESTRICTED CONFIDENTIAL - SOURCE CODE designation made pursuant to the terms of this Order so long as disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

H.     This Order is not a waiver of any applicable privilege or any objection that might be raised as to a discovery request or the admissibility of evidence.  Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Information, provided counsel does not disclose the Protected Information itself except as provided in this Order.

I.     The United States District Court for the Central District of California is responsible for the interpretation and enforcement of this Agreed Protective Order.  After termination of this litigation, the provisions of this Agreed Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record.  ~~This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Information for enforcement of the provision of this Agreed Protective Order following termination of this litigation.  All disputes concerning Protected Information produced under the protection of this Agreed Protective Order shall be resolved by the United States District Court for the Central District of California.~~  In the event anyone shall violate or threaten to violate the terms of this Protective Order, the aggrieved designating Party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order.

J.     Nothing in this Protective Order shall preclude or impede outside litigation counsel of record's ability to communicate with or advise their client in

connection with this litigation only based on such counsel's review and evaluation of Protected Information, provided however, that such communications or advice shall not disclose or reveal the substance or content of any Protected Information other than as permitted under this Protective Order.

K.  Each of the Parties agrees to be bound by the terms of this Protective Order as of the date counsel for such Party executes this Protective Order, at which time the provisions of this Order shall retroactively apply to any Protected Information obtained by that Party or its counsel prior to execution, even if prior to entry of this order by the Court.

L.  This Protective Order shall be binding upon the Parties and their attorneys, successors, executors, personal representative, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

All notices required by this Protective Order are to be served on the attorney(s) for each of the Defendant and Plaintiff listed in the signature block below for each Party.

**SO ORDERED**.

Dated: January 21, 2020

_Karen E. Scott_

_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

CENTRE ONE,

      Plaintiff/Counterclaim Defendant,

              vs.

AT&T, INC.,

      Defendant/Counterclaim Plaintiff.

CASE NO. 8:18-cv-01524-CJC-KES

**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

**JURY TRIAL DEMANDED**

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in this action. Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

      Name of individual: _____

      Present occupation/job description: _____

      _____

      Name of Company or Firm: _____

      Address: _____

      Dated: _____

                                  _____
                                    [Signature]